# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG HOWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-131-WDS ) |
| ROGER E. WALKER, JR., *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Sanders, Ryker, Goins and Bantican for procedural due process violations.

**COUNT 2:** Against Defendants Jennings, Moran, Walker and Miller for procedural due process violations.

**COUNT 3:** Against Defendant Wolff for procedural due process violations and destruction of property.

**COUNT 4:** Against Defendant Hinton for failing to promptly remove him from his cell when a neighboring cell was set on fire.

**SEVERANCE OF CLAIMS**

Rule 18(a) of the Federal Rules of Civil Procedure permits Plaintiff to assert all of his claims against one defendant in one civil action. Further, Plaintiff may join any number of defendants in one claim if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

FED.R.CIV. P. 20(a)(2).

As set forth above, each of the four counts seeks relief against a separate group of defendants, and each claim arises out a separate incident. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, not one of the claims is sufficiently related any of the other claims so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court is inclined to sever Count 2, Count 3, and Count 4. If these claims are severed, each claim would be removed from this case and opened in a new case. A new case number would be assigned and a separate filing fee would be assessed for each new case.

Because the imposition of additional filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of additional filing fees) by filing a motion to voluntarily dismiss Count 2, Count 3, and/or Count 4 without prejudice **within thirty (30) days of the date of this order**. Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable 2-year statute of limitations.

### MOTION FOR APPOINTMENT OF COUNSEL (DOC. 3)

Plaintiff also requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is just a mere assertion that he has attempted, unsuccessfully, to obtain counsel.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex – he alleges that he was unfairly subjected to disciplinary sanctions, his safety was in jeopardy from his cell mate, an officer damaged some of his property, and an officer did not promptly remove him from his cell when a neighboring cell was set on fire. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case, this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

**DATED: September 29, 2008.**

s/ WILLIAM D. STIEHL<br>DISTRICT JUDGE