# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG HOWELL, | ) |
|        Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-131-WDS |
| ROGER E. WALKER, JR., *et al.*, | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

The Court previously separated Plaintiff Howell's claims into four numbered counts, as shown below.

**COUNT 1:** Against Defendants Sanders, Ryker, Goins and Bantican for procedural due process violations.

**COUNT 2:** Against Defendants Jennings, Moran, Walker and Miller for procedural due process violations.

**COUNT 3:** Against Defendant Wolff for procedural due process violations and destruction of property.

**COUNT 4:** Against Defendant Hinton for failing to promptly remove him from his cell when a neighboring cell was set on fire.

Each of the four counts seeks relief against a separate group of defendants, and each claim arises out a separate incident. Thus, not one of the claims is sufficiently related to any of the other claims so as to allow them to proceed together in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court advised Howell of its intention to sever his claims into separate lawsuits and gave him the opportunity to voluntarily dismiss any of his claims (*see* Doc. 12).

Now before the Court is Howell's motion to sever Count 2 and Count 4 into separate lawsuits and to voluntarily dismiss Count 3 (Doc. 15). This motion is **GRANTED**, as detailed below. It follows that Howell's motion for reconsideration (Doc. 13), in which he challenges the Court's interpretation of his claims, is now **MOOT,** and it is **DENIED**.

**MOTION FOR RECONSIDERATION (DOC. 14)**

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 12) was entered on September 29, 2008, but the instant motion was not filed until January 12, 2009, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred and, under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion

for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff challenges the Court's denial of his request for appointment of counsel. However, the arguments included in this motion do not suggest the type of mistake or inadvertence that can be corrected under Rule 60(b). Therefore, the instant motion (Doc. 14) is **DENIED**.

### SEVERANCE OF CLAIMS

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 3** and **COUNT 4** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **HINTON, JENNINGS, MILLER, MORAN, WALKER** and **WOLFF** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNT 2** and **COUNT4** are **SEVERED** into separate actions.

The Clerk is **DIRECTED** to open **TWO new cases**. The Clerk shall assign each of the newly opened cases to the same judge who was assigned to this case. For Defendants in each new case, the Clerk shall include only the Defendants listed in connection with that particular claim. Specifically, in the first new case, addressing procedural due process violations (¶¶ 19-24), the only

defendants to be included in that action are Jennings, Moran, Walker and Miller.[1] In the second new case, addressing the failure to promptly remove plaintiff from his cell when a neighboring cell was set on fire (¶¶ 30-32), only Defendant Hinton shall be included. Each new case shall be opened with just the following pleadings:

(1) a copy of this Memorandum and Order;

(2) a copy of the complaint (Doc. 1);

(3) a copy of the motion for leave to proceed *in forma pauperis* (Doc. 9); and

(4) the supplement to the complaint (Doc. 11).

Once these new cases have been opened, the Court will assess the new filing fees and then complete a preliminary review of each complaint under 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED: April 20, 2009.**

                                                    **s/ WILLIAM D. STIEHL**
                                                         **DISTRICT JUDGE**

---

[1] In his motion to sever (Doc. 15), Howell suggests that Ryker should also be included as a defendant in this action. However, the complaint contains no mention of Ryker in connection with this incident, so Ryker will not be a defendant in this new case.